IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, #116274, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CASE NO. 2:08-CV-590-WHA |
| ) | [WO] |
| ) | |
| RICHARD F. ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint and amendment thereto filed by Jackie McLeod ["McLeod"], a state inmate and frequent federal litigant. In the initial complaint filed on July 24, 2008, McLeod complains officials at Kilby Correctional Facility placed him in protective custody based on his having an enemy in the institution despite the willingness of both inmates to sign a living agreement. He also alleges several officers conspired to remove him from a cell near a fan to a cell where there was no fan in retaliation for his refusing to sign a fingerprint card. In the amendment, McLeod adds an allegation that on July 7, 2008 he engaged in an argument with a correctional officer regarding his prison pants at which time the officer punched him in the stomach, placed him in a chair and removed his pants.

On July 31, 2008, McLeod filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C.§ 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 3*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil

action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that McLeod, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The actions on which this court relies in finding a § 1915(g) violation are: (1) *McLeod v. Byrd, et al.*, Case No. 1:94-CV-1382-ID (M.D. Ala. 1995), (2) *McLeod v. Herring, et al*., Case No.2:94-CV-1014-RBP (N.D. Ala. 1995), and (3) *McLeod v. Cooper, et al*., Case No. 2:93-CV-798-SCP (N.D. Ala. 1993).

In the instant complaint, as amended, McLeod presents allegations regarding his confinement in protective custody, placement in a cell without access to a fan and an incident with a correctional officer on July 7, 2008. The allegations made the basis of the pending complaint fail to demonstrate that McLeod was "under imminent danger of serious physical

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. ---, 127 S.Ct. at 921.

injury" at the time he filed this case as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that McLeod's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as McLeod failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Jackie McLeod on July 31, 2008 (Court Doc. No. 3) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before August 14, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of August, 2008.

      /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE